UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
CAROL A. CARBY,                         :
                        Plaintiff,      :        11 Civ. 5775 (DLC)
                                        :
            -v-                         :        OPINION AND ORDER
                                        :
ERIC H. HOLDER JR., ATTORNEY GENERAL,   :
                                        :
                        Defendant.      :
                                        :
----------------------------------------X

APPEARANCES

For the Plaintiff:

Carol Carby, pro se
2722 Sexton Place
Bronx, NY 10469


For the Defendant:

Jennifer Ellen Blain
United States Attorney's Office
Southern District of New York
86 Chambers Street
New York, NY 10007


DENISE COTE, District Judge:

     Carol A. Carby ("Carby"), proceeding pro se, filed this

action on August 5, 2011, against Attorney General Eric Holder,

Jr. ("Holder"), and the Federal Bureau of Prisons ("BOP"),

alleging that she was discriminated against on the basis of race

and gender in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. §2000e et seq. ("Title VII"), and that the

defendant failed to accommodate her disability in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. (the "Rehabilitation Act").  On October 18, Carby's claims against the BOP were dismissed because the Court lacked subject matter jurisdiction over the claims.  In an Opinion and Order of July 10, 2013 ("July 10 Opinion"), summary judgment was granted in part.  Carby v. Holder et al., 11 Civ. 5775 (DLC), 2013 WL 3481722 (S.D.N.Y. July 10, 2013).  The July 10 Opinion reserved decision on one claim: that the plaintiff was discriminated against on the basis of her race, gender, and disability when the plaintiff's request for 80 hours of advanced sick leave was denied.  Id. at *10.

After supplementing the record on the surviving claim, the defendant moved for summary judgment, and Carby failed to file opposition papers.  For the reasons that follow, the motion for summary judgment is granted.


BACKGROUND

Familiarity with the July 10 Opinion is presumed.  Only facts relevant to the present summary judgment motion on Carby's remaining claim are recited here.  The following facts are undisputed, or taken in the light most favorable to the plaintiff.

Carby is a Black female.  From August 1994 through June

2

2009, Carby worked as an administrative assistant at the U.S. Department of Justice's Metropolitan Correction Center ("MCC"), which is a detention facility operated by the BOP, located in lower Manhattan.  For many years, Carby experienced excruciating headaches.

From December 5, 2005 through March 8, 2006, Carby took sick leave from the BOP due to a serious medical condition. During this period of sick leave, Carby's doctors diagnosed her with a brain tumor.

On March 3, 2006, five days before Carby was due to exhaust her annual and sick leave, Carby requested 80 hours of advanced sick leave in order to begin treatment for the brain tumor.  She made a second request on March 6, 2006.  Patricia Rodman ("Rodman"), the Associate Warden of MCC, informed Carby that she needed to submit documentation of her present medical condition, her diagnosis, and prognosis.  Around this time, Carby recalls having a telephone conversation with Marvin Morrison ("Morrison"), Warden of the MCC, in which she explained that she would need to undergo "Gamma Knife" surgery.  She recalls that during the conversation, Morrison asked her how she would be able to pay back the advanced sick leave and told her she needed to submit information pertaining to her diagnosis and prognosis. Carby also states that she repeatedly submitted medical documentation to various people.  Nonetheless, on March 20,

Rodman recommended to Morrison that he deny Carby's request because she had failed to provide the requested documentation. On the same day, Morrison denied Carby's request for advanced sick leave.

On March 30, 2006, Carby again requested advanced sick leave from Warden Morrison.  On March 31, plaintiff's request was denied, but Carby was approved for leave without pay status.[1]

From roughly March 8 through September 1, 2006, while Carby was undergoing brain surgery and convalescing, Carby received no pay.  Carby returned to work in September 2006.  She took disability retirement in June 2009.

On August 5, 2011, Carby filed her suit pro se in this Court.  As noted above, Carby's claims against the BOP were dismissed at the pleading stage and the July 10 Opinion dismissed all claims at the summary judgment stage save one: plaintiff's claim that the defendant discriminated against her by denying her request for 80 hours of advanced sick leave.

As discussed in that Opinion, Carby attempted to support this claim by asserting that nine similarly situated individuals ("Comparators") who did not share the same race, gender, or disability requested and received advanced leave.  The record

---

[1] In the event that an employee is denied requested advanced sick leave, the employee may also request "Leave without Pay" status. Although such leave is, as the name indicates, "without pay," obtaining this status prevents the employee from being listed as "Absent without Leave" or "AWOL."

4

did not contain sufficient evidence to suggest that Carby was similarly situated to the Comparators in all material respects, including, for example, the amount of advanced sick leave the Comparators requested or had requested in the past.  Because the plaintiff was proceeding pro se and because records pertaining to the proposed Comparators were within the defendant's possession, the Court reserved decision on the plaintiff's claim to permit further development of the record.  See Carby, 2013 WL 3481722, at *10.

By an Order of July 10, 2013, defendant was ordered to supplement the record with information sufficient to determine whether the nine Comparators identified by plaintiff are similarly situated to the plaintiff.  On August 9, defendant responded with detailed information about the Comparators and others that the BOP identified as potentially relevant applicants for advanced sick leave.  Because Carby has not opposed this renewed motion for summary judgment, it is only necessary to discuss the evidence regarding her Comparators.

The BOP explains that advanced sick leave will generally not be granted unless there is a likelihood that the employee will ultimately be able to return to work.  According to the BOP's records, Carby was denied advanced sick leave because there was no medical documentation to indicate a prognosis that

she would ever return to work.[2]

There is no record of two of Carby's Comparators working at MCC during the relevant period.  The defendant was able to confirm that the remaining seven Comparators worked at the MCC. Of these seven Comparators, six never requested nor received advanced sick leave.  One of the seven requested and received advance sick leave: D.L.

D.L. requested and was granted advanced sick leave on at least two occasions.  The first was in 1999 following the birth of her child.  The second was in 2003, after she was involved in a serious automobile accident.  D.L.'s orthopedist stated that she required at least six weeks to recuperate.  D.L. believes that she was granted a sum total of 240 hours of advanced sick leave, which she has since paid back through her sick leave earnings.

On November 8, defendant moved for summary judgment on the remaining claim in this matter.  On April 23, 2014, defendant filed a certificate of service of the summary judgment motion. As per a Scheduling Order of April 23, plaintiff's deadline to file an opposition was May 23.  Plaintiff filed no opposition

---

[2] It was assumed for purposes of the July 10 Opinion that documents Carby submitted in opposition to the original summary judgment motion were intended to demonstrate that she had provided the same documents to the BOP in 2006.  Carby did not dispute, however, that the BOP persisted in requesting more detailed information that she was unable to provide.  See Carby, 2013 WL 3481722, at *11 & n.14.

papers, however.  Thus the motion was deemed fully submitted as
of May 23.


DISCUSSION

    Summary judgment may not be granted unless the submissions
of the parties taken together "show[] that there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law."  Fed.R.Civ.P. 56(a).  The moving
party bears the burden of demonstrating the absence of a
material fact question, and in making this determination the
court must view all facts in the light most favorable to the
non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S.
242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323
(1986).  When a non-moving party fails to oppose a motion for
summary judgment, a court

> may not grant the motion without first examining the
> moving party's submission to determine if it has met
> its burden of demonstrating that no material issue of
> fact remains for trial.  If the evidence submitted in
> support of the summary judgment motion does not meet
> the movant's burden of production, then summary
> judgment must be denied even if no opposing
> evidentiary matter is presented.

D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir.
2006) (citation omitted).

    The plaintiff's sole surviving claim is that the defendant
discriminated against her by denying her request for 80 hours of

advanced sick leave, in violation of Title VII.  Familiarity
with the legal framework for evaluating Carby's Title VII claim,
as set forth in the July 10 Opinion, is presumed.  Only a few
principles bear repeating.

Carby's Title VII claim is based on a "similarly situated"
theory of liability.  Under this theory, in order for a
plaintiff to establish the final prong of a prima facie
intentional discrimination claim -- the requirement that the
adverse employment action take place under circumstances giving
rise to an inference of discrimination -- the plaintiff must
show "that an employer treated plaintiff less favorably than a
similarly situated employee outside his protected group."  Ruiz
v. Cnty. Of Rockland, 609 F.3d 486, 493 (2d Cir. 2010).  In
order to effectively compare treatment of co-employees, there
must be "a reasonably close resemblance of the facts and
circumstances of plaintiff's and comparator's cases," although
it is not necessary to show "that both cases are identical."
Id. at 494 (citation omitted).  "In other words, the comparator
must be similarly situated to the plaintiff in all material
respects."  Id. (citation omitted).  "As a general rule, whether
items are similarly situated is a factual issue that should be
submitted to the jury.  This rule is not absolute, however, and
a court can properly grant summary judgment where it is clear
that no reasonable jury could find the similarly situated prong

met." <u>Harlen Assocs. v. Inc. Vill. of Mineola</u>, 273 F.3d 494, 499 n.2 (2d Cir. 2001) (citation omitted).

The defendant is entitled to summary judgment on Carby's remaining claim.  The defendant has met its burden of production to demonstrate that no material issue of fact remains for trial as to the existence of "similarly situated" individuals who received preferential treatment with regard to advanced sick leave on the basis of race, gender, or disability. Specifically, the defendant has met its burden of production to demonstrate that no material issue of fact remains for trial as to a "reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases." <u>Ruiz</u>, 609 F.3d at 494 (citation omitted).

Of the seven identified Comparators, only one requested and received advanced sick leave.  Thus the remaining six individuals cannot support Carby's contention that they received preferential treatment with respect to the granting of advanced sick leave.

As to the one Comparator, D.L., she is female.  As such, Carby has failed to present a <u>prima facie</u> case of gender discrimination, and that claim is dismissed.

Turning then to the alleged race and disability discrimination claims, D.L. is non-Black, and she requested and received advanced sick leave.  Defendant's evidence, however, is

9

sufficient to demonstrate that D.L. is not "similarly situated" in all material respects to Carby.

Specifically, D.L. differed from Carby with respect to the likelihood of returning to work.  In D.L.'s case, both of her requests for advanced sick leave were bounded.  Maternity leave is generally temporary, and following D.L.'s car accident, the orthopedist note confirmed that six weeks of leave would likely be required.  In Carby's case, however, there was no expectation that she would return to work.  Carby was requesting leave for treatment of a brain tumor through, inter alia, Gamma Knife surgery.  Warden Morrison asked Carby how she expected to repay her advance, but Carby failed to provide medical documentation that she would ever return to work, even though she did eventually do so.  And this difference between D.L. and Carby is clearly material because advanced sick leave is not generally granted unless there is a likelihood that the employee will eventually be able to return to work.  As such, no reasonable jury could conclude that Carby has met the similarly situated prong.  Having failed to carry her burden with respect to the fourth prong of a prima facie case, Carby's race and disability discrimination claims are dismissed.

Even assuming arguendo that Carby had made out a prima facie case of discrimination, summary judgment would nevertheless be granted.  The uncertainty regarding Carby's

10

return to work provides a legitimate, non-discriminatory reason
that her request for advanced sick leave was denied.  The
defendant would therefore be entitled to judgment as a matter of
law unless Carby were to offer sufficient admissible evidence
that would enable a reasonable factfinder to conclude that the
defendant's proffered justification is pretextual and that the
true reason for the denial is discrimination.  Carby has failed
to do so.  For the reasons set forth above -- specifically the
significant differences between her circumstances and those of
her only Comparator -- no jury could conclude from this record
that the defendant's proffered reason is pretextual.  See Cruz
v. Coach Stores, Inc., 202 F.3d 560, 568 (2d Cir. 2000).


CONCLUSION

     The defendant's November 9, 2013 motion for summary
judgment is granted.  The Clerk of Court shall close the case.


          SO ORDERED:

Dated:    New York, New York
          May 27, 2014


                              _____
                                   DENISE COTE
                              United States District Judge

COPIES MAILED TO:


Carol A. Carby
2722 Sexton Place
Bronx, New York 10469